IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JARAMA MILTON MODESTO, :
    Petitioner :
: No. 1:17-cv-02165
v. :
: (Judge Rambo)
CRAIG A. LOWE, :
    Respondent :

# MEMORANDUM

Presently before the Court is Petitioner Milton Modest Jarama's[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention pending removal by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"). (Doc. No. 1.) Following an Order to show cause (Doc. No. 3), Respondent filed a response, contending that the petition should be denied because Petitioner has been afforded a bond hearing that comports with due process. (Doc. No. 6.) The Court granted Petitioner two extensions of time in which to file a traverse. (Doc. Nos. 8, 12.) On February 20, 2018, Petitioner filed a third motion for an extension of time to file a traverse. (Doc. No. 13.) However, on February 22, 2018, Petitioner filed his traverse. (Doc. No. 14.) Accordingly, the Court will

---

[1] Respondent provides that this is the correct name of Petitioner as opposed to that of which appears in the caption of this case. (Doc. No. 6 at 1.)

1

deny as moot his motion for an extension of time to file a traverse and for the reasons set forth below, will deny the petition.

I. **BACKGROUND**

Petitioner is a citizen and native of Ecuador who last entered the United States on or about July 10, 1988, at or near an unknown location in San Diego, California. (Doc. 6, Record of Deportable/Inadmissible Alien, Ex. 1 at 2; Notice to Appear, Ex. 2 at 1.) Petitioner was taken into custody on March 24, 2014 at the Luzerne County Probation Office in Wilkes-Barre, Pennsylvania, and charged with being removable from the United States pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Id.) Petitioner posted bond on March 25, 2015. (Doc. No. 6, Ex. 1 at 3.)

Petitioner was apprehended by deportation officers at the Luzerne County Adult Probation office on August 9, 2016, and advised that his bond was rescinded due to a recent DUI conviction. (Id.) He was transported to Pike County Correctional Facility pending a hearing in immigration court. (Id.) On October 20, 2016, an immigration judge granted Petitioner voluntary departure under INA § 240B(a). (Id. at Ex. 3 at 1; Ex. 4 at 2.) Petitioner appealed to the Board of Immigration Appeals ("BIA"), claiming that "he did not knowingly and

intelligently waive his right to appeal [and that] . . . his prior counsel failed to advise him of his eligibility for adjustment of status." (Id. at Ex. 3 at 1.) Petitioner's appeal was sustained by the BIA and the immigration judge's October 20, 2016 decision was vacated and the record remanded to the immigration judge for further proceedings. (Id. at 2; Ex. 4. at 2.)

On November 7, 2016, Petitioner's request for a change in custody status was denied by an immigration judge due to Petitioner's multiple DUIs and the danger he poses to the public. (Id. at Ex. 5.) On May 30, 2017, the immigration court denied Petitioner's application for adjustment of status and ordered him removed from the United States to Ecuador. (Id. at Ex. 4 at 12.) Petitioner's appeal was dismissed by the BIA on October 23, 2017. (Id. at Ex. 6.)

Petitioner then filed a petition for review and a motion to stay his removal with the United States Court of Appeals for the Third Circuit on November 24, 2017. (Id. at Ex. 7 at 3.) The Third Circuit temporarily granted Petitioner's motion for stay of removal "until such time as the Court can consider the motion for stay of removal." (Id.) Petitioner subsequently filed the instant petition for a writ of habeas corpus on November 27, 2017. (Doc. No. 1.)

## II.   DISCUSSION

The Third Circuit has granted Petitioner a temporary stay of removal, hence, the order of removal has not become administratively final, and Petitioner is still

considered to be in pre-removal immigration detention.  See 8 U.S.C. § 1231(a)(1)(B)(i) (providing removal period begins on the "date the order of removal becomes administratively final").  Accordingly, "decisions concerning his ongoing detention are at the discretion of the immigration judge."  Perez-Cobon v. Bowen, Civ. No. 17-1550, 2017 WL 6039733, at *2 (M.D. Pa. Dec. 6, 2017) (citing 8 U.S.C. § 1226(a)).

Pursuant to 8 U.S.C. § 1226(a), the Attorney General, through the Department of Homeland Security ("DHS") district director, has the authority to detain aliens during the "pre-removal" period, i.e., while removal proceedings are ongoing but before the issuance of a final order of removal.  8 U.S.C. § 1226(a).  Specifically, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  Id.  The Attorney General is further authorized to continue to detain the arrested alien, release the alien on bond, or release the alien on conditional parole.  8 U.S.C. § 1226(a)(1)-(2).  The discretionary judgment regarding the application of § 1226 is not subject to review and "[n]o court may set aside any action or decision by the Attorney General under [§1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  8 U.S.C. § 1226(e).

If bond is denied and the alien is not subject to an administratively final order of removal, the alien may seek his release by requesting a bond

redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19. The request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). An immigration judge's decision on a bond redetermination is appealable to the BIA. 8 C.F.R. § 236.1(d)(3). However, the BIA's decision to detain or release an arrested alien on bond is discretionary and is not subject to judicial review. 8 U.S.C. § 1226(e).

Respondent contends that Petitioner failed to exhaust his available administrative remedies in regards to the immigration judge's November 7, 2016 determination that Petitioner is a danger to the community due to his "multiple DUIs" and denied his request for change in custody status. (Doc. No. 6 at 10.) Respondent argues that because Petitioner failed to appeal the immigration judge's decision to the BIA, he has not exhausted his available administrative remedies. (Id. at 11.) The Court finds that the record supports this contention.

The United States Court of Appeals for the Third Circuit has provided guidance with regards to exhaustion of administrative remedies for bond hearings and redeterminations when an alien is in custody based on discretionary detention under 8 U.S.C. § 1226(a), as opposed to those under mandatory detention under 8 U.S.C. § 1226(c). In Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), the Third Circuit provided the following:

> Unlike the mandatory detention statute at issue in [Denmore v.] Kim, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

Contant, 352 F. App'x at 695. Accordingly, because alien detainees detained under 8 U.S.C. § 1226(a) have individualized detention determinations available to them, as opposed to those held in mandatory detention under 8 U.S.C. § 1226(c), discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary. See id.

In the instant case, Petitioner had the available remedy of appealing the immigration judge's decision to the BIA before filing this petition. However, the record does not indicate that he filed such an appeal. Moreover, in Contant, the Third Circuit addressed a similar habeas petition filed by a pre-final order detainee in discretionary § 1226(a) detention. Contant was taken into custody by DHS and ordered detained without bond. Id. at 693. An immigration judge subsequently conducted a redetermination hearing and denied him release on bond. Id. The

BIA subsequently affirmed the immigration judge's decision. Id. Contant then filed a habeas petition in district court, claiming that his indefinite detention without review was unreasonable and violated his right to due process. Id. at 694. The Contant court ultimately found that Contant's nineteen (19) month pre-removal immigration detention was not "indefinite" in violation of due process, because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his native country at the conclusion of his removal proceedings. Id. at 695-96.

Similarly, Petitioner is a pre-final order detainee held pursuant to § 1226(a), who was afforded a bond hearing, and was able to appeal the immigration judge's determination to the BIA. While Petitioner was initially released on bond, it was subsequently revoked due to his most recent DUI conviction. (Doc. No. 6 at 3.) Since his return to ICE custody, Petitioner was granted a bond hearing on November 7, 2016. (Id. at 10.) The immigration judge considered the relevant factors and determined Petitioner to be a danger to the community due to his "multiple DUIs" and denied his request for a change in custody status. (Id.) Petitioner was subsequently ordered removed to Ecuador and denied his application for adjustment of status. (Id. at 12.)

It is clear that Petitioner was afforded the review provided by the applicable regulations and his detention is not indefinite in violation of due process.

Additionally, there is no indication that he cannot be removed to Ecuador should the Third Circuit deny his motion for stay of removal.

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. An appropriate Order follows.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 26, 2018